**SO ORDERED.**

**SIGNED this 16 day of March, 2011.**

_____
Randy D. Doub
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

IN RE:

REBECCA GREER,

DEBTOR

CHAPTER 13
CASE NO. 09-05076-8-RDD

### ORDER DENYING MOTION FOR HARDSHIP DISCHARGE

Pending before the Court is the Motion for Hardship Discharge pursuant to 11 U.S.C. § 1328(b), filed by and through the debtor's attorney on December 15, 2010. The Court conducted a hearing on March 1, 2011 in New Bern, North Carolina.

Rebecca Greer (the "Debtor") filed a petition for relief pursuant to Chapter 13 of the Bankruptcy Code on June 19, 2009. The proposed Chapter 13 plan was confirmed on September 1, 2009. The plan required the Debtor to pay $917.00 per month for fifty-seven (57) months.

The Debtor requests a hardship discharge based on her loss of employment. The Chapter 13 Trustee (the "Trustee") opposes a hardship discharge and argues that employment termination is rarely a cause for hardship discharge. Moreover, the Trustee argues that a modification of the plan would be more suitable than a discharge in this situation.

At the hearing, the Debtor testified that at the time she filed her petition her annual income was approximately $52,000.00. However, her employment was terminated in October 2010 and she

has since been unable to find employment. Currently, the Debtor receives unemployment benefits in the amount of $400.00 per week. She testified that at this time it is not possible for her to make the monthly plan payment. However, when questioned as to whether she would be able to make a reduced plan payment of $50.00 per month, she stated it would be possible for her to make a plan payment of $50.00 per month. She testified that she is in good physical health and that she has a Bachelor of Arts degree in elementary education from the University of North Carolina at Charlotte.

At the hearing, the Trustee represented that the Debtor was four months behind on the plan payments, resulting in a delinquency of $3,668.00. The last plan payment was received on October 7, 2010.

The Trustee represented that the secured claim of Fifth Third Bank in the amount of $6,200.00 had been paid in full through the plan as of June 2010. Additionally, the Debtor's plan currently includes a non-dischargeable, unsecured student loan debt aggregating more than $19,000.00. The Trustee proposes that the student loan debt be paid outside of the plan pursuant to a modification.

A hardship discharge is only applicable when:

(1) the debtor's failure to complete such payments is due to circumstances for which the debtor should not justly be held accountable;
(2) the value, as of the effective date of the plan, of property actually distributed under the plan on account of each owed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7 of this title on such date; and
(3) *modification of the plan under section 1329 of this title is not practicable.*

11 U.S.C. § 1328(b) (emphasis added).

The Court finds that the Debtor has not met her burden of proof in regards to showing that a modification of the plan under section 1329 is not practicable. The Debtor testified that she could make

2

a reduced plan payment of $50.00 per month and the Trustee represented that based on the Debtor's ability to treat her student loan debts outside of her plan, a modification in the case was possible.

Therefore, the Motion for Hardship Discharge is **DENIED**.

**SO ORDERED**.

**END OF DOCUMENT**